Mr. Justice Pringle
dissenting:
I dissent.
The factual situation laid out 'in the majority opinion and the analysis of the statute in that opinion through the third sentence, in my view, is correct. It is with the analysis of the fourth sentence of the statute with which I must part company.
The majority opinion advises that we must confine ourselves to a construction of a statute as it is written and should not attempt to supply omissions ■or amend or change the law under the guise of construction. With that statement I would agree, except that I would add that we- also must not omit portions of the statute in order to obtain a construction. The fourth sentence specifically requires that the'court dispose bf the- 'child' aS *29 if the petition were originally filed as provided in C.R.S. 1963, 22-8-3 as amended. That section deals specifically with petitions in delinquency. Certainly, whether the child was brought originally before the district court or the county court or the police court under C.R.S. 1963, 22-8-7, he would not have been brought there under C.R.S. 1963, 22-8-3, because obviously no petition for delinquency would necessarily have been filed, since C.R.S. 1963, 22-8-7, requires that the child be brought immediately upon arrest directly before the court.
The words “in any such case” must, in my view, apply to any situation arising under C.R.S. 1963, 22-8-7, and not merely to cases where the child is first brought to the wrong court, i.e., the county or police court. For if it applied only to cases where the child were brought to the county court or police court, then, giving effect to every word in the statute, as we must do, it provides that where children are brought first before the district judge the district attorney may determine what proceeding would be taken. But if children were brought before the wrong court and then transferred to the proper court, the district court may determine what proceeding should be taken. Merely to state the proposition demonstrates its fallacy.
I prefer to believe that when the Legislature provided that the district court should proceed as in C.R.S. 1963, 22-8-3, it meant that the district court should proceed in all those cases under C.R.S. 1963, 22-8-7, as if a petition in delinquency had been charged, except that, as is provided in the fifth sentence, that where the delinquency would otherwise constitute a felony, the court could direct the child to be kept in custody until the district attorney should file an information.
In my view, C.R.S. 1963, 22-8-7, provides that all children under the age of 18 must be taken directly before the district judge who shall deal with the child as a delinquent unless he shall decide that the child shall be charged as a felon, in which event he shall keep the *30 child in custody until the district attorney can file such an information. The district judge is also directed by the statutes of this State in a statute not cited in the majority opinion, but which appears as C.R.S. 1963, 22-8-1, that where the child has committed a crime of violence punishable by death or by imprisonment for life and is over the age of 16 years, then the child may not be tried as a delinquent. This adds to my conviction that the Legislature intended that the district judge determine the manner in which the. juvenile should be tried subject to the restrictions laid down by the Legislature. The Legislature spoke clearly in 1960 and 1964 when it wrote and rewrote C.R.S. 1963, 22-8-7, and it is my view that it intended by those enactments to change the procedures giving the district attorney the power to determine the procedure by which the child should be tried. I would discharge the rule.
I do not by this dissent, intend to indicate any conviction on my part under what procedure Brett Lange should be tried. My sole concern is who has the power to determine where Brett Lange shall be tried, and in my view, the Legislature intended to give the district judge that power.
Mr. Justice Day has authorized me to say that he joins in this dissent.